**RAINES FELDMAN LITTRELL LLP**
Kathy Bazoian Phelps (State Bar No. 155564)
*kphelps@raineslaw.com*
1900 Avenue of the Stars, 19th Floor
Los Angeles, California 90067
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Attorneys for Ian Pearson as the Foreign Representative and authorized representative and agent of the joint and several trustees of the property of Ng Wing Fai

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>NG WING FAI<br><br>Debtor. | Case No.: 2:26-bk-20870<br><br>Chapter: 15<br><br>**DECLARATION OF THE FOREIGN REPRESENTATIVE IN SUPPORT OF CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING** |

I, Ian Pearson, hereby declare under penalty of perjury under the laws of the United States as follows:

1. This Declaration is submitted in support of the Chapter 15 Petition for Recognition of a Foreign Proceeding pending in Hong Kong, China.

2. I am over the age of 18 and, if called upon, could competently testify as to all matters set forth in this Declaration based upon my own personal knowledge, except for those parts otherwise specified. Where matters are based on information supplied to me, those matters are true to the best of my information, knowledge, and belief, and I clearly identify the source of that knowledge.

**A. <u>The Hong Kong Bankruptcy Proceeding.</u>**

3. On the petition of 1 Shop Limited, a creditor, the affidavit of Tan Zi Lin Vera and the affirmation of Wong Yi Ting, the High Court of the Hong Kong Special Administrative Region Court of First Instance ("Hong Kong Bankruptcy Court") entered the Bankruptcy Decree in Bankruptcy Proceedings No. 3252 of 2025 on September 16, 2025 ("Hong Kong Bankruptcy Proceeding"), finding Ng Wing Fai (吳榮輝) ("Debtor") bankrupt, and appointing the Official Receiver as provisional trustee of the estate of Debtor ("Bankruptcy Decree"). *See* Bankruptcy Decree, a true and correct copy of which is attached hereto as **<u>Exhibit 1</u>**.

4. Debtor's address at the time of the Bankruptcy Decree was AGBA Tower, 68 Johnston Road, Wan Chai, Hong Kong. *See* Bankruptcy Decree; Certificate of Incorporation of Triller Group Inc. ("Triller"), attached hereto as **<u>Exhibit 2</u>**[1], page 1.

5. Debtor was served with process but failed to challenge the adjudication.

6. The Bankruptcy Decree is in full force and effect, and the Hong Kong Bankruptcy Proceeding is proceeding.

7. The Hong Kong Bankruptcy Proceeding is governed by the Bankruptcy Ordinance (Cap. 6 of the Laws of Hong Kong), a law relating to insolvency or adjustment of

---

[1] https://www.sec.gov/Archives/edgar/data/1769624/000121390024089342/ea021798101ex3-2_triller.htm

debt for natural persons.

8. Subsequently, on December 18, 2025, the Memorandum to Court of Resolutions Passed at the General Meeting of Creditors ("Appointment Memorandum") was filed to the Hong Kong Bankruptcy Court, appointing Osman Mohammed Arab and Wong Kwok Keung as the joint and several trustees of the property of Debtor (the "Trustees"). The Appointment Memorandum also states: "… any act required or authorized to be done by the trustees is to be done either by Messrs. Osman Mohammed Arab and Wong Kwok Keung jointly or any one of them singly". A true and correct copy of the Appointment Memorandum is attached hereto as **Exhibit 3**.

9. Debtor subsequently challenged the Bankruptcy Decree as well as the underlying debt of 1 Shop Limited, retaining counsel and filing affirmations. Among other challenges to the existence and propriety of the underlying debt, Debtor also asserted that he did not reside at the address of AGBA Tower, 68 Johnston Road, Wan Chai, Hong Kong, was not in Hong Kong at the time, had no notice of the proceedings and instead indicated his address at 7119 West Sunset Boulevard, Suite 782, Los Angeles, CA 90046 or 1301 N Broadway, Los Angeles, CA 90012.

10. However, the 7119 address is not a residential address, it is a commercial private mailbox rental at a business historically known as Sunset Blvd Mailboxes. It is a private mail facility location where "Suite 782" serves as the designated mailbox number. Similarly, the 1301 address is also a commercial building that primarily functions as a shared workspace and creative hub, frequently used for virtual addresses and private mail handling.

11. Additionally, Debtor never provided evidence aside from unsubstantiated self-serving statements, such as proof of residence at any other address or immigration records to prove that he was not at the address at which he was served and was not residing in Hong Kong at the time he was served.

12. Moreover, Debtor executed an affirmation on November 10, 2025, stating his address was 1st Floor, Caravelle Villa, No. 7 La Salle Road, Kowloon, Hong Kong. *See* a true and correct copy of Debtor's November 10, 2025 Affirmation, attached hereto as **Exhibit 4**,

page 1.

13. Debtor also asserted the debt of the petitioner, 1 Shop Limited has been paid and satisfied. 1 Shop Limited has withdrawn its proof of debt. The debt of another creditor, New Asia Construction Engineering Limited has also been settled. However, other debts remain outstanding.

14. However, Debtor's challenge was denied. Debtor also sought to annul the Bankruptcy Decree and appeal the Bankruptcy Decree but he has failed to file his supplemental affirmation in support of his annulment application pursuant to the March 2, 2026 order of the Bankruptcy Court (attached hereto as **Exhibit 5**), and has not taken active steps to proceed with the appeal. Specifically, the scheduled hearing on Debtor's annulment application on June 1, 2026, was vacated with liberty to restore and no hearing date has been fixed for the appeal.

15. Specifically, on June 2, 2026, Debtor's Hong Kong counsel ceased to act for the Debtor by order of the Bankruptcy Court. *See* a true and correct copy of the June 2, 2026 Order is attached hereto as **Exhibit 6**. Debtor's appeal has effectively stalled.

16. On August 10, 2026, Trustees successfully obtained a non-commencement order against Debtor reflecting Debtor's failure to comply with his obligations under the Bankruptcy Ordinance (Cap. 6 of the Laws of Hong Kong) and Bankruptcy Decree. *See* Order for Non-Commencement, a true and correct copy of which is attached hereto as **Exhibit 7**.

17. Subsequently, on September 17, 2026, Osman Mohammed Arab executed a Power of Attorney in favor of me, appointing me to act as the duly authorized representative and agent in connection with seeking recognition of the Hong Kong Bankruptcy Proceeding under Chapter 15 of the United States Bankruptcy Code. The Power of Attorney granted me full power and authority to sign, execute, verify and file all necessary documents, petitions, declarations, and pleadings required for or incidental to the Chapter 15 Application in the United States on behalf of and in the name of Trustees. A true and correct copy of the Power of Attorney is attached hereto as **Exhibit 8**.

18. A list of the creditors and their outstanding debts as of the date of the Hong Kong Bankruptcy Proceeding is attached hereto as **Exhibit 9**.

19. The Hong Kong Bankruptcy Proceeding is a collective judicial proceeding under a law relating to insolvency or adjustment of debt in which proceeding Debtors' assets and affairs are subject to the control or supervision of the Hong Kong Bankruptcy Proceeding Court for the purpose of Debtor's liquidation. Debtor's assets in the United States that are recovered and marshalled pursuant to the Chapter 15 Petition will be administered by Trustees in the Hong Kong Bankruptcy Proceeding and distributed to creditors.

20. I am advised that within the meaning of Chapter 15 of the United States Bankruptcy Code: 11 U.S.C. § 101(24), I am the "foreign representative" of Debtor; (ii) Debtor's center of main interests has at all times relevant been in Hong Kong, China; and (iii) the Hong Kong Bankruptcy Proceeding is a "Foreign Main Proceeding." Alternatively, Debtor has maintained an establishment at all times relevant in Hong Kong, China, such that the Hong Kong Bankruptcy Proceeding is a "Foreign Non-Main Proceeding".

21. For purposes of this proceeding, I request that any correspondence be sent, to the following addresses:

Sequor Law, P.A.
Attn: Daniel M. Coyle
1111 Brickell Ave., Ste. 1250
Miami, Florida 33131

Raines Feldman Littrell LLP
Attn: Kathy Bazoian Phelps
1900 Avenue of the Stars, 19th Floor
Los Angeles, California 90067

**B. <u>Debtor's Background.</u>**

22. Debtor was born on August 24, 1967. He is a Hong Kong national. His HKID card number is G289503(9). He is a prominent Hong Kong financier.

23. Debtor is the chief executive officer and executive director, board member & chairman of Triller, Debtor has also been:

(a) the president of TAG Holdings Ltd.;

(b) a board member of China Automation Group;

(c) the founding partner and managing partner of Primus Pacific Partners;

(d) a board member of Asr Microelectronics Co Ltd.;

(e) a director and shareholder of Ashley Motors Limited;

(f) a director of Dr. Jones Fok & Associates Medical Scheme Management Limited;

(g) a director of Healthcare Medical & Paramedical Services Operations (HK) Limited;

(h) a director of Kwai Fong Medical Centre Limited;

(i) a director of Laguna City Medical & Dental Centre Limited;

(j) a director of Primus Pacific Partners (HK) Limited;

(k) a director of Starlink Properties Limited;

(l) a director of Premium Healthcare (Asia-Pacific) Limited, and

(m) a director of Universal Medical Elite Limited.

24. The majority of these entities are incorporated in, registered in, and/or operating in, Hong Kong, China.

25. Debtor's social media profiles state that he has been based in Hong Kong at all times relevant.[2] Media reports and investment websites also indicate Debtor has resided in Hong Kong at all times material.[3]

---

[2] https://www.linkedin.com/in/wingfaing/
https://x.com/TheWingFai/about
https://www.instagram.com/p/CpLoOWfgkcK/
https://www.instagram.com/thewingfai/

[3] https://www.insideworldfootball.com/2026/02/04/brooklyn-earick-ng-wing-fai-close-acquisition-daniel-levys-spurs-stake/

https://www.gurufocus.com/insider/224190/wing-fai-ng

26. Debtor is not a naturalized citizen of the United States.

27. SEC filings (Debtor's individual Form 4 insider trading and ownership disclosures) list Debtor's mailing address as a Hong Kong address: Trust Tower, 68 Johnston Road, Wan Chai, Hong Kong. This is listed as Ng Wing Fai's international mailing address on his individual Form 4 insider trading and ownership disclosures.[4, 5] *See* **Exhibit 10**, attached hereto.

28. When using a US address for official documents, Debtor has used 7119 W Sunset Boulevard and 1301 N Broadway, both in Los Angeles, California. As stated above, these are commercial mailing addresses, and they are also Triller's corporate addresses in Los Angeles and are not residential locations.

### C. Debtor Has Property in the United States

29. I and Trustees seek recognition of the Hong Kong Bankruptcy Proceeding in furtherance of a worldwide pursuit of assets with which to satisfy unpaid claims as well as to investigate, identify, and marshal assets of Debtor in the United States, which include without limitation claims and causes of action belonging to Debtor's bankruptcy estate.

30. In particular, I and Trustees seek to identify and marshal assets in the United States belonging to Debtor.

31. Trustees have employed lawyers and other professionals who have performed analyses on Debtor's assets.

32. These investigations point to assets of Debtor located in the United States of America, including, but not limited to, Debtor's ownership of equity in Triller, a Los Angeles,

---

[4] https://www.sec.gov/Archives/edgar/data/1769624/000121390025102603/0001213900-25-102603-index.htm

[5] https://www.sec.gov/cgi-bin/own-disp?CIK=0001954201&action=getowner

CA-based technology, media, and financial services company that trades as a microcap stock on the NASDAQ exchange. Triller operates the AI-powered Triller short-form video app, TrillerTV (sports and live event streaming), and creator tools like Triller One, has an equity interest in the Bare Knuckle Fighting Championship (BKFC), and exposure to Space Exploration Technologies Corp. (SpaceX) shares.

33. I, upon recognition of the Chapter 15 Petition, will seek to obtain discovery on the activities of Debtor and the assets of Debtor.

34. I will also seek to serve discovery upon The Clearing House Payments Company L.L.C. and other financial institutions to attempt to trace the flow of funds.

35. If discovery indicates, I will seek to turnover, claw back and marshal assets of Debtor in the United States for distribution to the Debtor's bankruptcy estate in Hong Kong. At this time, the only United States creditors of which Trustees and I aware are the plaintiffs in the lawsuits pending in the United States discussed, *infra*.

36. In addition to the above, Foreign Representative and Trustees have retained the Los Angeles, California law firm Raines Feldman Littrell LLP ("**RFL Law**"). RFL Law holds in its trust account in this District US $2,500 deposited on behalf of and for the benefit of Debtor, to which funds RFL Law has no rights of setoff, charging lien, or similar right.

**D. <u>Parties to Any U.S. Litigation in which Debtors are a Party</u>**

37. Foreign Representative and Trustees are aware of only the following litigation involving Debtor pending in any jurisdiction of the United States of America:

(a) *13080 Advisors LLC v. Wing-Fai Ng, et al.*, Case No. 25STCV35423 (LA County Sup. Court Dec. 2025), Stanley Mosk Courthouse (Dept. 68):

i. When filed: December 2025;

ii. Nature of claims: the electronic docket does not provide a copy of

the complaint to review allegations against Debtor but the docket indicates the nature of the action is "tortious interference";

iii. Plaintiff's address: Eresidentagent, Inc., 500 Delaware Ave., ste. 903, New Castle, DE 19801;

iv. Plaintiff's counsel: Lauren Diane Fierro, Boren, Osher & Luftman, LLP / BOL Law, 222 N Pacific Coast Hwy, Ste 2222, El Segundo, CA 90245, Email: lfierro@bollaw.com;

v. Status: The docket does not indicate Debtor has been served.

vi. Codefendants: Brian Chan (no contact information given), Huang Shu Pei (no contact information given), Roger Kennedy (no contact information given), Ng Thomas (no contact information given), Wong Felix Yun Pun (no contact information given)

(b) *YA II PN, Ltd. v. Triller Group Inc., Wing-Fai Ng, et al.*, Case. No.: 1:26-cv-06569 (SDNY 2026):

i. When filed: July 2026;

ii. Nature of Claims: Securities Law fraud/Exchange Act/10b-5 claims.

iii. Address: 1012 Springfield Ave., Mountainside, NJ 07092; Maples Corporate Services Limited, Ugland House, P.O. Box 309, South Church Street, Grand Cayman, George Town, KY1-1101, Cayman Islands;

iv. Plaintiff's counsel: Eric A. Forni, DLA Piper LLP US, 33 Arch Street, Ste 26th Floor, Boston, MA 02110-1447, Eric.Forni@us.dlapiper.com;

v. Status: Debtor accepted service on August 12, 2026.

vi. Codefendants: Robert Diamond, Jr. c/o Andrew J. Levander, Dechert LLP (NYC), 1095 Avenue of the Americas, New York, NY 10036-6797, andrew.levander@dechert.com; Continental Stock Transfer & Trust Company, c/o Chiesa Shahinian & Giantomasi PC, 11 Times Square, 34th Floor, Attn: Mark A. Harmon, Esq., New York, NY 10036, mharmon@csglaw.com; Richard Tsai Ming Hsing (no contact information given).

(c) *Derek Stauber Individually and on Behalf of All Others Similarly Situated v. Ng Wing Fai, Triller Group Inc., et. al.*, Case No.: 26-cv-11989 (Central Dist. CA 2026)

i. Date Filed: October 2026;

ii. Nature of Claims: Securities Law fraud/Exchange Act/10b-5 claims;

iii. Address: none given;

iv. Plaintiff's counsel: Jennifer Pafiti, Pomerantz LLP, 1100 Glendon Avenue, 15th Floor, Los Angeles, CA 90024, Email: jpafiti@pomlaw.com;

v. Status: Debtor has not been served;

vi. Codefendants: Desmond Pei Huang Shu (no contact information given); Robert E. Diamond, Jr. (no contact information given); Triller Group Inc. (no contact information given).

(d) *McGurn v. Ng Wing Fai, Triller Group Inc.*, 1:25-cv-05526-PAE-BCM (SDNY 2025)

i. Date filed: July 2025;

ii. Nature of Claims: tort claims;

iii. Address: none given;

iv. Plaintiff's counsel: Matthew B. LaGarde, Katz Banks Kumin LLP, 111 Broadway, Ste 1702, New York, NY 10006, lagarde@katzbanks.com;

v. Status: Debtor was served and a judgment of liability was entered against Debtor. Proposed findings of facts and conclusions of law on damages by Plaintiff was submitted in July 2026;

vi. Codefendant: Triller Group Inc.; 7119 West Sunset Boulevard; Suite 782; Los Angeles, CA 90046.

**E. Statement Identifying Foreign Proceedings With Respect to Debtor**

38. Other than the Hong Kong Bankruptcy Proceeding referenced herein, I am not aware of any other Foreign Proceedings with respect to Debtor, as the term "foreign proceedings" is defined in 11 U.S.C. § 101(23).

**F. Statement Identifying Other Parties entitled to Notice and Regarding Provisional Relief.**

39. I am not seeking provisional relief under 11 U.S.C. § 1519.

40. There are no other parties entitled to notice.

FURTHER DECLARANT SAYETH NAUGHT

I, Ian Pearson, declare under penalty of perjury under the laws of the United States of America, that I have the authority to make this Declaration; that I have read the foregoing Declaration; that the facts and matters alleged and contained herein are true and correct, based upon my own personal knowledge of the facts involved and upon my review of the available documents.

Executed on October 23, 2026 in Hong Kong.

Ian Pearson
for and on behalf of Trustees of the Debtor's Estate